# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:12-cr-036
                                             Also 3:13-cv-252

                                       District Judge Timothy S. Black
  -  vs  -                              Magistrate Judge Michael R. Merz

BRYAN C. MILAN,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This is an action under 28 U.S.C. § 2255 on Defendant's Motion to Vacate Sentence (Doc. No. 21). As with all post-conviction collateral attacks on criminal judgments, it has been referred to the undersigned Magistrate Judge under the Dayton General Order of Reference.

The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

The record in this case reflects that Defendant was charged by Information on March 15, 2012, with one count of conspiring to distribute at least 100 kilograms of marijuana (Count One), one count of interstate travel to promote distribution of a controlled substance (Count Two), and one count of distribution heroin (Count Three)(Doc. No. 1). On April 19, 2012, Defendant entered into a Plea Agreement with the United States (Doc. No. 3) and engaged in the required plea colloquy with Judge Black (Minutes, Doc. No. 5). He was sentenced on August 3, 2012, after Judge Black received and considered a Presentence Investigation Report from the Probation Department (Judgment, Doc. No. 12).

Defendant moves to vacate his sentence because he says it was enhanced by two points for firearm possession, the facts of which were found by the Court by a preponderance of the evidence, instead of by a jury on proof beyond a reasonable doubt, in violation of *Alleyne v. United States*. 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for an offense is an "element" which must be submitted to the jury  overruling *Harris v. United States,* 536 U.S. 545 (2002).

Defendant is mistaken in his belief that the Court relied on the fact of gun possession to enhance a mandatory minimum sentence in this case. Count One, conspiracy to possess with intent to distribute 100 kilograms or more of marijuana carries a mandatory minimum sentence of five years without any firearms finding (Sentencing Transcript, Doc. No. 19, PageID 113). Thus there was no need to make a firearms finding for that mandatory minimum sentence.

Judge Black did take the gun into account and added two points to Milan's offense level score under the Sentencing Guidelines because of it. *Id.* at PageID 116. Milan's defense counsel did convey to the Court that Milan only had constructive and not actual possession of the gun.

*Id.* at 118. He urged the Court to adopt the agreed sentence of seventy-two months, which was a year less than the advisory Sentencing Guidelines provided as a bottom of the range. *Id.* at PageID 119. Judge Black did so, but did not find the mandatory minimum based on the firearm, but rather on the amount of marijuana involved. Milan's argument that consideration of the gun is barred by *Alleyne* is without merit.

Moreover, the § 2255 Motion is barred by the Plea Agreement as to the *Alleyne* claim.

> 9. Defendant waives the right to challenge his conviction and sentence, whether by direct appeal, habeas petition, or otherwise. This includes but is not limited to a waiver of the right under 18 U.S.C. § 3742 to appeal the sentence. Notwithstanding the foregoing, Defendant retains the right to appeal his sentence if the United States appeals the sentence, or if the Court: imposes a sentence above the statutory maximum. This waiver shall not be construed to bar a claim by Defendant of ineffective assistance of counsel or prosecutorial misconduct.

(Doc. No. 3, PageID 10.)

Finally, although Milan did not waive his right to claim ineffective assistance of trial counsel, the face of the record shows Mr. Fleisher was not ineffective in the way Milan claims. Because Milan's *Alleyne* argument is without merit, it was not ineffective assistance for Fleisher to fail to raise it. Fleisher did raise with the Court Milan's claim that he did not have actual possession of the firearm. And the presence of the firearm, while it increased the offense level by two points, did not affect the sentence. As noted above, the bottom of the Sentencing Guideline range was 84 months, but Judge Black imposed the agreed sentence of 72 months.

Milan concedes that his real reason for seeking the two-point reduction is that the presence of the gun enhancement is preventing his participation in the RDAP program. But any objection to the enhancement is waived by failure to raise it at sentencing.

The Motion to Vacate should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

August 5, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).